■ In the Matter of IMPERIAL WHOLESALE, INC., Petitioner, v. FRANK A. WALKLEY, as Commissioner of Agriculture and Markets of the State of New York, Respondent.— Proceeding pursuant to CPLR article 78 transferred to the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County, to review a determination of the Commissioner of Agriculture and Markets which revoked petitioner's milk dealer's license under section 258-c of the Agriculture and Markets Law. Prior to July 1, 1971 petitioner was licensed as a milk dealer to operate a wholesale route in New York County. On that date it commenced making deliveries of milk to a retail dairy and grocery store located in Bronx County. In September, 1971 an investigation was made of petitioner's operation by respondent. Thereafter petitioner was notified that a hearing would be held to determine why petitioner's milk dealer's license should not be revoked. The reasons set forth in the notice of hearing were that petitioner was operating outside its license area and had ceased to operate the milk business in New York County. Since petitioner's license would expire before a determination could be made, it was stipulated that the hearing be deemed to apply to petitioner's renewal application. After the hearing respondent issued an order denying petitioner's application for a renewal on the grounds that it had ceased to deliver milk on its wholesale route in New York County and had operated in Bronx County where it had no license to transact business. Petitioner, in urging reversal, maintains that respondent failed to sustain the burden of proof to show petitioner had ceased delivering milk in New York County; that it did not sell or deliver milk as a milk dealer in Bronx County; and finally, that it did not have a fair hearing before an impartial hearing officer. Concededly, petitioner made deliveries of milk to a store in Bronx County. It contends, however, that it was the owner of the store, and such deliveries, under the circumstances, were not in violation of the Agriculture and Markets Law. The record reveals that in investigating petitioner's operation and its relationship with the Bronx store, the information received from petitioner's president and the individual who was apparently in charge of the Bronx store was evasive and of questionable veracity. The purported bill of sale transferring title to the store to petitioner as evidence of ownership was not part of the record before respondent. It is also significant that petitioner offered no proof by way of defense, denial or explanation of the statements allegedly made by its president and the individual in charge of the Bronx store. The testimony, at most, presented questions of fact and credibility which were resolved in favor of respondent. There is, in our opinion, substantial evidence to sustain the respondent's determination. (*Matter of Sealtest Foods Div. of Nat. Dairy Prods. Corp.* v. *Wickham*, 33 A D 2d 51.) We are not persuaded by petitioner's contention that it did not have a fair hearing because the hearing officer participated in preliminary discussions which culminated in the issuance of the notice of hearing. In view of our

conclusions on these issues, it is unnecessary to pass on the other contention raised by petitioner. Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.